IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
:
SHAMROCK COMPANIES, INC., et al.,   : CASE NO. 1:06 CV 1112
:
                     Plaintiffs,   :
:
          -vs-   :
:
STERLING VENTURE PARTNERS LP,   :
et al.,   : <u>ORDER OF CONSOLIDATION</u>

                    Defendants.

------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

      The plaintiffs commenced the above captioned case on 4 May 2006, seeking declaratory judgment and a breach of contract claim against the defendants.  On 25 April 2007, the same plaintiffs filed a second action against the same defendants, Case No. 1:07 CV 1236, seeking declaratory judgment and a breach of contract claim.  Both cases are predicated on the same Secured Party Sale Agreement under which the plaintiffs agreed to pay annual earn-out payments for the years 2003, 2004, 2005, 2006, and 2007.  The complaint filed in Case No. 1:06 CV 1112 seeks a declaratory judgment and alleges a breach of contract claim for the 2005 earn-out payment, and the complaint filed in Case No. 1:07 CV 1236 seeks a declaratory judgment and alleges a breach of contract claim for the 2006 earn-out payment.  Because these two actions are legally and factually similar, the Court will consolidate the two cases, subsuming the later filed case into the earlier filed matter.

Federal Rule of Civil Procedure 42(a) provides: "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions ⋯ as may tend to avoid unnecessary costs or delay."  Fed.R.Civ.P. 42(a).   Whether cases involving the same factual and legal questions should be consolidated for trial is a matter within the discretion of the trial court, and the court's decision is reviewed for abuse of discretion. Stemler v. Burke, 344 F.2d 393, 396 (6th Cir.1965); see also  Cantrell v. GAF Corp., 999 F.2d 1007, 1011 (6th Cir.1993).

> A trial court making a decision to consolidate must consider:
>
> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Cantrell v. GAF Corp., 999 F.2d at 1011 (6th Cir.1993) (quoting Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir.1985) (quoting, in turn, Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir.1982))). The decision to consolidate is one that must be made thoughtfully, with specific reference to the factors identified above. Id.

As both cases are in the nascent stages of litigation bearing on the same parties and involving the same series of alleged incidents, the Court finds no persuasive reason to believe that consolidating the cases would cause either the plaintiffs or the defendants to bear any risk of prejudice or confusion.  Rather, consolidating the cases would prevent two trials from going forward on the basis of inconsistent adjudications of

2

the same claims for declaratory judgment and breach of contract.

The risk of inconsistent adjudications of common factual issues, and the burden on the parties, witnesses and available judicial resources of separate adjudications outweigh any prejudice or confusion that could flow from a decision to consolidate. Because the relevant factors point overwhelmingly in favor of joining the two matters, the Court consolidates the two actions.  Case No. 1:07 CV 1236 is therefore subsumed into Case No. 1:06 CV 1112.

IT IS SO ORDERED.

/s/Lesley Wells  
UNITED STATES DISTRICT JUDGE

Date: 21 June 2007